UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:

| | |
|---|---|
| LUIS ERNESTO RODRIGUEZ *and* | CHAPTER    13 |
| EVELYN RODRIGUEZ | CASE NO.    17-10944-AJC |
| Debtors. | |
| _____/ | |

**OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN**

  Creditor, Mitsubishi Motors Credit of America, Inc. ("Creditor"), through undersigned counsel, files this objection to the Chapter 13 Plan [ECF No. 2] (the "Plan") filed by Evelyn Rodriguez and Luis Ernesto Rodriguez ("Debtors").

  1. On January 26, 2017, Debtors filed a voluntary petition for Bankruptcy relief under Chapter 13 of Title 11 of the United States Bankruptcy Code. [ECF No. 1].

  2. On February 21, 2017, Creditor filed Proof of Claim No. 6-1 reflecting a secured claim of $15,926.71 (the "Claim").

  3. On, March 31, 2015, less than 910 days from the petition date, Debtors Evelyn Rodriguez and Luis Ernesto Rodriguez purchased a 2015 MITSUBISHI MIRAGE - ML32A4HJ2FH009001 (the "Vehicle"). Debtor executed a Retail Installment Sale Contract (the "Contract"), which provides for 72 payments of $364.69 at an annual percentage rate of 6.15% for a total amount of $26,257.68. A copy of the Contract is attached hereto as **Exhibit A**.

  4. The Contract grants Creditor a purchase money security interest in the Vehicle perfected by issuance of the Certificate of Title by the State of Florida. A copy of the Certificate of Title is attached hereto as **Exhibit B**.

  5. The Plan fails to mention this Vehicle or Creditor's $15,926.71 secured Claim. Creditor objects to this omission in the Plan. As the Vehicle was purchased within 910 days of the Petition date, World Omni's claim is not subject to valuation. *See* 11 U.S.C. § 1325(a). The effect of § 1325's "hanging paragraph" is to make § 506 unavailable for use in conjunction with the treatment of a secured claim under section 1325(a)(5), which sets out the confirmation standards for treatment of such claims in Chapter 13. *In re Estrada*, 387 B.R. 875, 878 (Bankr. M.D. Fla. 2008).

  6. For Creditor to be adequately protected under to sections 506(a)(2) and 361(1), Creditor's Claim should be secured in the Debtors' Plan at no less than the Claim amount of

$15,926.71, to be paid at the contractual monthly payment of $364.69 until the loan is paid in full – or – to be paid at an interest rate of 5.5%, which complies with the Supreme Court's holding in *Till v. SCS Credit Corp.,* 541 U.S. 465 (2004), of 60 equal monthly payments of $304.22, for a secured payout of $18,253.20.

**WHEREFORE**, Creditor respectfully requests that the Court sustain this Objection and for such other and further relief as the Court deems appropriate.

Tripp Scott, PA
*Attorneys for the Creditor MMCA*
110 SE 6th Street, 15th Floor
Fort Lauderdale, Florida 33301
bankruptcy@trippscott.com
(954) 525-7500

 */s/ Christina V. Paradowski, Esquire*
Christina V. Paradowski, Esquire
Florida Bar Number 56708

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of February, 2017, I served a copy of the foregoing on the parties listed below.

Luis Ernesto Rodriguez *and* Evelyn Rodriguez, 14357 SW 125th Court, Miramar, FL 33023;

Robert Sanchez, Esq., 355 W 49th St., Hialeah, FL 33012;

Trustee, Nancy K. Neidich, POB 279806, Miramar, FL 33027 33027e2c8f01@ch13herkert.com;

U.S. Trustee, Office of the US Trustee, 51 S.W. 1st Ave., Suite 1204, Miami, FL 33130.

 */s/ Christina V. Paradowski, Esquire*
Christina V. Paradowski, Esquire
Tripp Scott, PA
*Attorneys for the Creditor MMCA*
110 SE 6th Street, 15th Floor
Fort Lauderdale, Florida 33301
bankruptcy@trippscott.com
(954) 525-7500